Filed 5/6/26  P. v. Thornton CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALICIA IONA THORNTON,<br><br>Defendant and Appellant. | F090109<br><br>(Super. Ct. No. BF198415A)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Jake E. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Peña, J. and Harrell, J.

## INTRODUCTION

In 2025, a jury convicted appellant Alicia Iona Thornton of arson of a structure (Pen. Code, § 451, subd. (c);[1] count 1), and found true that she used a device designed to accelerate the fire (§ 451.1, subd. (a)(5)). The jury also convicted appellant of unlawfully possessing flammable material or an incendiary device with the intent to willfully and maliciously use it to set fire to a structure (§ 453, subd. (a); count 2).

For the arson conviction in count 1, the trial court sentenced appellant to the low term of two years, doubled from a prior strike conviction. A consecutive four-year enhancement was also imposed under section 451.1. For the conviction in count 2, the court imposed an upper term of six years, which was stayed pursuant to section 654.

Appellant appealed to this court. Her counsel has filed a *Wende*[2] brief, asking us to conduct an independent review of the record; however, counsel has identified a clerical error in the abstract of judgment that needs modification. After reviewing the record, we agree that no arguable issues exist which warrant further briefing. We also agree that the abstract of judgment must be modified to reflect a four-year arson enhancement under section 451.1, subdivision (a)(5)—instead of subdivision (a)(1). As modified, we affirm.

## BACKGROUND

In February 2024, appellant was observed using a liquid accelerant to start a small fire near the front door of a restaurant. Four individuals were inside the restaurant at the time the fire was started. The fire was quickly extinguished.

Law enforcement searched appellant near the scene of the fire. She had wads of paper, lighters, and small torches in her possession. Appellant was taken into custody.

An arson investigator ruled out an accidental source of ignition. The investigator determined that this fire had been intentionally set.

---

[1]     All future statutory references are to the Penal Code unless otherwise noted.

[2]     *People v. Wende* (1979) 25 Cal.3d 436.

In a bifurcated proceeding, the trial court found true that appellant had suffered prior strike convictions within the meaning of the "Three Strikes" law. The court also found true multiple factors in aggravation. Prior to sentencing, the court struck one of two prior strike convictions.[3]

**<u>DISCUSSION</u>**

In January 2026, we notified appellant of her right to file a supplemental brief on her own behalf stating any grounds that she wanted this court to consider. Appellant did not file a response.

Pursuant to *Wende* and *People v. Kelly* (2006) 40 Cal.4th 106, 110, we have reviewed the entire record. We have examined the procedural history, the evidence presented at trial, and the sentencing proceedings. Appellant's counsel has correctly identified a clerical error appearing in the abstract of judgment. The abstract reflects that the four-year arson enhancement was imposed under section 451.1, subdivision (a)(1). The record demonstrates, however, that this enhancement was charged and proven based on appellant's "use of a device designed to accelerate the fire." That enhancement falls within subdivision (a)(5) of that statute. As such, we agree with appellant's counsel that it is appropriate to order the abstract of judgment amended to reflect the proper subdivision. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["[c]ourts may correct clerical errors at any time"].) Exercising that authority, we will modify the judgment to reflect the correct statutory subdivision and direct the trial court to prepare an amended abstract of judgment.

Substantial evidence supports the jury's convictions and true finding. The evidence shows that appellant intentionally set fire to a structure using a liquid accelerant. The fire was not accidental, and it occurred at the entrance to an occupied restaurant.

---

[3]     After these charges were filed against appellant, the trial court ruled that she qualified for pretrial diversion pursuant to section 1001.36. Appellant began a diversion program, but she stopped attending. In February 2025, the court set this matter for trial.

This amply supports a conviction for arson of a structure. (§ 451, subd. (c); count 1). The same evidence also conclusively supports the jury's true finding that appellant used a device designed to accelerate the fire. Finally, the evidence demonstrates beyond any reasonable doubt that appellant possessed flammable materials and ignition devices with the intent to willfully and maliciously set fire to or burn a structure. (§ 453, subd. (a); count 2.)

Finally, the sentence imposed was authorized by law. The trial court selected the low term of two years for the arson in count 1, which was properly doubled because of appellant's prior strike conviction. (§ 667, subd. (e)(1).) A four-year enhancement was lawful based on the jury's true finding that appellant used a device designed to accelerate the fire. (§ 451.1, subd. (a)(5).) The court exercised its discretion to stay the sentence in count 2, which arose from the same course of conduct as the arson offense. The record reflects that the trial court understood and properly exercised its sentencing discretion.

Our independent review of the entire record reveals no arguable appellate issues. The clerical error in the abstract of judgment does not impact the judgment's validity and is correctable on appeal without further briefing.

## DISPOSITION

The judgment is modified to reflect a four-year arson enhancement imposed pursuant to Penal Code section 451.1, subdivision (a)(5), rather than subdivision (a)(1). As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting this modification and to forward a certified copy to the appropriate authorities.